**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Luis Rosado-Jimenez,**      Petitioner,           v.  **United States of America,**      Respondent. | CIVIL NO. 16-2065 (PG) Related CRIM. NO. 98-072(PG) |

ORDER

Before the court is petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. On July 14, 2016, the government filed a motion to dismiss the petition as untimely.[1] See Docket No. 4. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss, and thus, **DENIES** petitioner's motion to vacate.

I. DISCUSSION

**A. Statute of Limitations**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255; Hill v. United States, 368 U.S. 424, 426-427, 82 S.Ct. 468 (1962). A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] To date, the government's motion remains unopposed.

> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); Barreto-Barreto v. United States, 551 F.3d 95, 98-99 (1st Cir.2008). In the instant case, the limitations period began to run on the date on which the judgment of conviction became final. See 28 U.S.C. § 2255(f)(1).

On October 27, 2003, petitioner was sentenced 360 months of imprisonment as to Count One, and for six year term of imprisonment as to Count Two, to be served concurrently with each other.[2] Crim. No. 98-072, Docket No. 720. On appeal, the First Circuit affirmed petitioner's sentence as to the Count One, but vacated the same as to Count Two, concluding that it exceeded the statutory maximum term of imprisonment under 18 U.S.C. § 1001. Crim. No. 98-072, Docket No. 744. On remand, this court resentenced petitioner to a five-year term of imprisonment as to Count Two of his conviction. Crim. No. 98-072, Docket No. 750. An amended judgment was entered on April 28, 2006. Crim. No. 98-072, Docket No. 751. Petitioner did not appeal that judgment. Pursuant to former Federal Rule of Appellate Procedure 4(b), petitioner's sentence became final ten (10) days later, that is, on May 8, 2006.[3] The § 2255 motion to vacate now before the court was filed on June 10, 2016, well after the one-year period within which to seek federal habeas relief once his sentence became final and unappealable. Thus, the motion to vacate is time-barred.

Under 28 U.S.C. § 2255(f)(3), a delayed filing may be excused if petitioner asserts a right recently recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. In such a case, a petitioner must still file his § 2255 petition within one year since that right was recognized. See Dodd v. United States, 545 U.S. 353, 357, 125 S. Ct. 2478, 2482, 162 L. Ed. 2d 343 (2005)(holding that the one-year limitation period set forth in paragraph (f)(3) gives § 2255 applicants one year from the date on which the right asserted was initially recognized by the Court to move for federal habeas

---

[2] Petitioner plead guilty to participating or assisting in the commission of several murders in furtherance of his drug trafficking activities, and to making false statements to FBI agents. Id.

[3] In 2009 the time to file a notice of appeal under the former rule, set at ten (10) days, was revised to fourteen (14) days. Fed.R.App.P. 4(b).

relief); see also Collymore v. United States, 151 F. Supp. 3d 235, 238 (D.R.I.2015)(so noting).

### B. Johnson v. United States

Petitioner challenges his sentence to a term of imprisonment of 360 months under U.S.S.G. §§ 4B1.1 and 4B1.2(a)(2) in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Johnson was decided on June 26, 2015, and petitioner's § 2255 motion was filed on June 10, 2016, less than one year from the Supreme Court's decision. See Docket No. 1. Nonetheless, in its motion to dismiss, the government argues that petitioner's motion does not fall within the exception codified at 28 U.S.C. § 2255(f)(3), and should thus be dismissed as untimely. See Docket No. 4 at p. 4. Specifically, the government asserts that while Johnson applies retroactively to cases on collateral review, it is inapplicable to this case because the provisions of the U.S. Sentencing Guidelines challenged herein by petitioner were not the predicates for his career offender status. Id. at p. 2. The court agrees.

The record shows that during the sentencing phase of the criminal proceedings, this court determined petitioner's career offender status on the basis of three prior controlled substance convictions. See Crim. No. 98-072 (PG), Docket No. 736 at p. 6. Specifically, pursuant to U.S.S.G. §§ 2D1.1 (a)(1) and (2), petitioner was sentenced for a drug violation offense resulting in death or serious bodily injury after one or more prior convictions for a similar crime. Contrary to petitioner's theory, the so-called residual clause in the career offender guideline, see § 4B1.2(a)(2), played no role in his sentence. Thus, petitioner has failed to state a basis for habeas corpus relief under Johnson.[4] See Capelton v. United States, No. 15-CV-312-JL, 2016 WL 3102200 (D.N.H. Jan. 5, 2016)(denying § 2255 motion brought pursuant to Johnson because petitioner's career offender status was predicated on three controlled substance convictions); Candelaria-Silva v. United States, No. 16-1866 (1st Cir. Jul. 12, 2016), slip op. at 1 (declining to address the constitutionality of U.S.S.G. §§ 4B1.1 on the grounds that petitioner was

---

[4] In his motion to vacate, petitioner also rehashes several claims that were long decided –and rejected- by the First Circuit on appeal. See United States v. Rosado-Jimenez, No. 03-2619 (1st Cir. June 13, 2005). The court will not address the same herein as the record conclusively shows that petitioner is entitled to no relief.

not entitled to relief under Johnson because petitioner's career offender status was based on two controlled substance convictions). As such, petitioner's motion to vacate under 28 U.S.C. § 2255 necessarily fails.

## II. CONCLUSION

After a close examination of the record, and a careful review of the statutory and case law, for the foregoing reasons, the government's motion to dismiss (Docket No. 4) is hereby **GRANTED**. Consequently, petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docket No. 1) is hereby **DENIED,** and the above-captioned action is **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 13, 2016.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**